### Nicholas McCloskey *vs.* Charles P. Moies, Town Treasurer.

PROVIDENCE—NOVEMBER 22, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Jury Trial Waived.    Findings of Presiding Justice.    New Trial.    Conflicting Evidence.*

The finding of the presiding justice, in a case wherein jury trial has been waived, takes the place of and has the same effect as the verdict of a jury.

Unless the decision so rendered is clearly wrong, a petition for a new trial, based upon alleged error in the finding, cannot be granted.

A decision cannot be said to be wrong where the case is so close that different minds might honestly arrive at different conclusions thereon.

TRESPASS ON THE CASE for negligence in failing to keep a highway safe and convenient for travellers.    The defect complained of was a hollow in the sidewalk of a bridge, in which water accumulated and froze, and plaintiff's injury was from a fall by slipping on this ice.    At a previous trial

plaintiff was nonsuited, but on his petition he was granted a new trial. 19 R. I. 297. Subsequently the parties waived a jury trial, and the presiding judge, at the hearing which followed, filed a decision for the defendant. Plaintiff petitioned for a new trial.

(1)    PER CURIAM. We cannot say that the court erred in its decision of this case. Under the facts as found, it does not conclusively appear that the defect complained of was of such a character as to render the town liable for the accident in question, and hence it was competent for the presiding justice to find that there was no negligence on the part of the town. And he having so found, his judgment upon this question, in case there is a petition for a new trial, takes the place of the verdict of a jury and has the same effect. Pub. Laws R. I. cap. 451, § 3. The plaintiff's petition, therefore, cannot be granted unless the decision is clearly wrong, and we do not think it is. It is a close case and one upon which different minds might honestly arrive at different conclusions, as is clearly shown by the fact that it has been tried by three different juries and has resulted in a disagreement on each trial.

The petition for a new trial is denied and judgment ordered for the defendant on the decision.

*Hugh J. Carroll*, for plaintiff.
*Walter B. Vincent*, for defendant.